SHERMAN and another vs. RUGEE, Sheriff, etc.

*August 30 — September 19, 1882.*

SALE OF CHATTELS: EXECUTION. *(1) Right of stoppage* in transitu, *after seizure under process against consignee. (2) Such seizure not a delivery.*

1. The seizure of personal property consigned to purchasers, by virtue of process against their goods, does not destroy the vendor's right of stoppage *in transitu.*

2. The taking of the property from the carrier by the officer, under the process, and not as the agent of the purchasers, does not operate as a delivery to them; and it is immaterial that they delivered to the officer or allowed him to take the bill of the goods and the vendor's letter of advice enclosing it, or that, after the seizure, he stored the goods in the purchasers' building.

APPEAL from the County Court of *Milwaukee* County. Replevin for a quantity of leather. On the 19th of May, 1881, the plaintiffs, who are leather dealers in Manitowoc, agreed to sell to Scheiderer & Reid, who were carrying on a tannery in the city of Milwaukee, twenty-six rolls, containing two hundred and sixty sides of rough leather, for which the purchasers were, at their option, to pay cash or give their note at thirty days. In case they paid cash a discount was to be made. It does not appear that the mode of shipment or the price of the leather was agreed upon. On the following day plaintiffs shipped the leather from Manitowoc consigned to the purchasers at Milwaukee, *via* the Milwaukee, Lake Shore & Western Railway, and at the same time mailed a letter of advice to the purchasers, containing a bill of the leather at twenty-seven cents per pound, and asking them to account promptly by cash or note. On May 21, the purchasers received notice from the railway office of the arrival of the consignment. They did not obtain the leather from the railway company, or remit to the plaintiffs any cash or note on account of it, or signify their acceptance of it at the price charged.

After such notice was so received by them, and on the same day, the defendant sheriff seized the whole stock of Scheiderer & Reid on execution duly issued upon a judgment against them for over $9,000. The judgment was entered upon that day on a note and warrant of attorney dated May 16, 1881, for $9,724.19, executed by Scheiderer & Reid to the father of Scheiderer. The note was made payable one day after date. When the sheriff seized the stock he found the notice of the arrival of the consignment, in the office of the execution debtors, and on being shown the bill and letter of advice before mentioned he retained them. The sheriff thereupon notified the railway company that he claimed the leather, and two or three days later he took possession of it, and placed it with the other goods seized by him on the execution. All of the goods were left in the tannery of Scheiderer & Reid, in charge and possession of the sheriff and his deputies. On May 23, the sheriff received other processes against the property of the same debtors, and levied such processes upon the same goods and stock, including the leather, subject to the first execution. Shortly thereafter the plaintiffs demanded the leather in controversy of the sheriff, who refused to deliver it to them. Thereupon this action was brought to recover the same. On the trial the above facts were proved by undisputed testimony, and also the further fact that Scheiderer & Reid were insolvent when such demand was made. The judge directed the jury to find for the plaintiffs, and judgment was entered accordingly. No point is made on the form of the verdict or judgment. The defendant appealed from the judgment.

For the appellant there was a brief by *Flanders & Bottum,* and oral argument by *Mr. Flanders.* They argued, among other things, that when the plaintiffs attempted to assert the right of stoppage *in transitu* the leather was in the store of the buyers, and had come to its place of ultimate destination. Moreover it had come there by the procurement of the

.buyers, and had been actually and constructively in their possession. They delivered to the sheriff the bill of the leather and clothed him with authority over it. It is, substantially, as though they had themselves gone with the sheriff to the depot, removed the leather personally and delivered it over to the sheriff. At all events these questions were for the jury to determine. *Hoover v. Tibbits,* 13 Wis., 81, 84; *Jucker v. Railway Co.,* 52 id., 150; *Sabotta v. St. P. F. & M. Insurance Co.,* 54 Wis., 687; *Spensley v. Lancashire Insurance Co.,* id., 433. See also *Garbutt v. Bank,* 22 id., 385.

For the respondents there was a brief by *Jenkins, Elliott & Winkler,* and oral argument by *Mr. Winkler.* They cited Benj. on Sales, § 856; 1 Parsons on Con., 602; Drake on Attach., sec. 245; *Naylor v. Dennie,* 8 Pick., 198; *Seymour v. Newton,* 105 Mass., 275; *Buckley v. Furniss,* 15 Wend., 137; *Dickman v. Williams,* 50 Miss., 500; *Calahan v. Babcock,* 21 Ohio St., 281; *Inslee v. Lane,* 57 N. H., 454; *O'Brien v. Norris,* 16 Md., 122; *Garbutt v. Bank,* 22 Wis., 384.

LYON, J. By their demand of the leather in controversy of the sheriff, the plaintiffs asserted, and by this action seek to enforce, the right of stoppage *in transitu.* The direction of the learned county judge to the jury to return a verdict for the plaintiffs (which is the only error assigned) was necessarily a ruling that the evidence conclusively establishes such right. Whether that ruling was correct or erroneous is the controlling question on this appeal.

The insolvency of the purchasers of the leather, Scheiderer & Reid, when the demand was made upon the sheriff therefor is proved beyond all doubt or controversy. If at that time the leather had not come to the possession of the purchasers, the right of the plaintiffs to claim and take possession of it is clear. The fact that it had been seized by the sheriff by virtue of process against the goods of the purchasers does not destroy that right. Notwithstanding such

Sherman and another vs. Rugee, Sheriff, etc.

seizure the leather was still in transit when demanded of the sheriff. The cases which so hold are numerous. Some of them are cited in the brief of counsel for the plaintiffs.

It was argued that the taking of the leather by the sheriff from the railway company and removing it to the store of the purchasers operated as a delivery to the purchasers and foreclosed the right of the plaintiffs to reclaim it. We find nothing in the testimony which supports this position. It is conclusively proved that the sheriff seized the property and held it under his processes against the purchasers, and not as the agent of the purchasers. It is entirely immaterial that they delivered to him or allowed him to take the bill of the leather and the plaintiffs' letter of advice inclosing it, or that he stored the goods in the building in which before their failure the purchasers carried on their business. The testimony fails entirely to show that there was ever a moment in which they had any dominion over or control of the property. We have treated the transactions between the plaintiffs and Scheiderer & Reid as constituting a sale and purchase of the leather binding upon both parties, and wanting only delivery to make it absolute and complete. This is most favorable to the defendant. We conclude that the undisputed evidence establishes the plaintiffs' right of action and left no question for the jury to determine.

*By the Court.*— The judgment of the county court is affirmed.